IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LATONYA WILLIAMS**                                                    **PLAINTIFF**
**718874**

V.                    NO. 3:22-cv-00120-KGB-ERE

**ARKANSAS DEPARTMENT OF
CORRECTIONS, Medical**                                    **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. Ms. Williams may file objections with the Clerk of Court if she disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Ms. Williams does not file objections, she risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**  **Discussion:**

Plaintiff LaTonya Williams, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 1*. In her complaint,

Ms. Williams alleges that ADC officials denied her adequate medical care, including their failure to provide her any medication or treatment for her pelvic pain. However, she only sued the ADC "medical." On June 15, 2022, the Court notified Ms. Williams that the ADC is not an entity that can be sued in a civil rights case brought under 42 U.S.C. § 1983. *Doc. 4*. See *Moore v. Plock*, 377 Fed. Appx. 563 (8th Cir. 2010) (unpub. per curiam) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, the Court postponed the screening process mandated by 28 U.S.C. § 1915A[1] and provided Ms. Williams 30 days to file an amended complaint clarifying her constitutional claims and naming Defendants who are subject to suit.

To date, Ms. Williams has not filed an amended complaint identifying and naming as defendants any individuals subject to suit under 42 U.S.C. § 1983, and the time to do so has passed. Accordingly, she has failed to state a plausible claim for relief.

IT IS THEREFORE RECOMMENDED THAT:

1.  Ms. Williams' claims be DISMISSED, without prejudice, based on her failure to state a plausible claim for relief.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

2. The Clerk be instructed to close this case.

Dated this 18th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE